UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-30309-MAP

SHARI LITTLEWOOD,

    Plaintiff,

v.

MICHAEL J. RACICOT, Former Town
Administrator for the TOWN OF ORANGE
and THE TOWN OF ORANGE,

    Defendants

ANSWER OF DEFENDANTS

I. **INTRODUCTION**

    1.    Denied.

II. **PARTIES**

    2.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

    3.    Admitted.

    4.    Admitted.

III.    Exhaustion of Administrative and Statutory Remedies

    5.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date of filing of the Complaint. The remaining allegations set forth in Paragraph 5 are denied.

    6.    The defendants state that Ex. 1 to the Complaint speaks for itself and that no further response to the allegations set forth in Paragraph 6 is required.

    7.    The allegations set forth in Paragraph 7 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required,

the defendants state that Ex. 2 to the Complaint speaks for itself. Further answering, the defendants otherwise deny the allegations set forth in Paragraph 7.

    8.    The defendants admit only that they have not responded to the purported c. 258 claim letter appended to the Complaint as Ex. 2.

IV.    FACTS

    9.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

    10.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

    11.    Admitted.

    12.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12. The remaining allegations set forth in said paragraph are denied.

    13.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

    14.    The allegations set forth in the first sentence of Paragraph 14 are denied. The remaining allegations set forth in Paragraph 14 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are denied.

    15.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

    16.    Denied.

    17.    Denied.

18. Denied.

19. Denied.

20. The defendants admit the allegations set forth in the second sentence of Paragraph 20. The remaining allegations set forth in said paragraph are denied.

21. The defendants admit the allegations set forth in the second sentence of Paragraph 21. The remaining allegations set forth in said paragraph are denied.

22. The defendants deny that plaintiff told defendant Racicot that "she was not going to keep doing this." The remaining allegations set forth in the first sentence of Paragraph 22 are admitted. The remaining allegations set forth in said paragraph are denied.

23. Denied.

24. Admitted.

25. The defendants admit the allegations set forth in the last sentence of Paragraph 25. The remaining allegations set forth in said paragraph are denied.

26. The defendants deny that Racicot had made a "proposal." The remaining allegations set forth in Paragraph 26 are admitted.

27. Denied.

28. The defendants admit that the Human Resource Board discussed plaintiff's suspension on November 14, 2000. The remaining allegations set forth in the first sentence of Paragraph 28 are denied. The remaining allegations set forth in said paragraph are admitted.

29. The defendants deny the allegations set forth in the last sentence of Paragraph 29. The remaining allegations set forth in said paragraph are admitted.

30. Denied.

31. Admitted.

32. Admitted.

33. The defendants admit that the Human Resources Board did not criticize defendant Racicot. The remaining allegations set forth in Paragraph 33 are denied.

34. Denied.

35. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 35. The remaining allegations set forth in Paragraph 35 are admitted.

36. The defendants deny that defendant Racicot received phone calls from other Board of Assessors members. The allegations set forth in the first two sentences of Paragraph 36 are otherwise admitted. The defendants further admit that defendant Racicot did not retaliate against any members of the Board of Assessors. The remaining allegations set forth in Paragraph 36 are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

V. CAUSES OF ACTION

### COUNT ONE
(Violation of Plaintiff Littlewood's First and Fourteen [sic] Amendment Rights)

The allegations set forth in Count One do not pertain to defendant Town of Orange. Defendant Racicot responds to the allegations set forth therein as follows:

4

42. Defendant Racicot restates and incorporates by reference his responses to Paragraphs 1-41.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT TWO
(Gender Discrimination)

The allegations set forth in Count Two do not pertain to defendant Town of Orange. Defendant Racicot responds to the allegations set forth therein as follows:

47. Defendant Racicot restates and incorporates by reference his responses to Paragraphs 1-46.

48. The allegations set forth in Paragraph 48 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT THREE
(Defamation)

The allegations set forth in Count Three do not pertain to defendant Town of Orange. Defendant Racicot responds to the allegations set forth therein as follows:

52. Defendant Racicot restates and incorporates by reference his responses to Paragraphs 1-52.

53. Denied.

54. Denied.

55. Denied.

## COUNT FOUR
(Intentional Interference With Contractual or Advantageous Business Relations)

The allegations set forth in Count Four do not pertain to defendant Town of Orange. Defendant Racicot responds to the allegations set forth therein as follows:

56. Defendant Racicot restates and incorporates by reference his responses to Paragraphs 1-55.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

## COUNT FIVE
(Reckless and/or Intentional Infliction of Emotional Distress)

The allegations set forth in Count Five do not pertain to defendant Town of Orange. Defendant Racicot responds to the allegations set forth therein as follows:

61. Defendant Racicot restates and incorporates by reference his responses to Paragraphs 1-60.

62. Denied.

63. Denied.

## COUNT FIVE [sic]
(Negligence/Massachusetts Torts Claim, M.G.L. c.258, § 4)

The allegations set forth in Count Five [sic] do not pertain to defendant Racicot. The Town of Orange responds to the allegations set forth therein as follows:

64. Defendant Town of Orange restates and incorporates by reference its responses to Paragraphs 1-63.

65. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the defendant.

### SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint should be dismissed for improper service of process.

### FOURTH DEFENSE

At the time alleged in the Complaint, the defendants were engaged as a public instrumentality and/or employee and therefore plaintiff's recovery is barred or limited in accordance with G.L. c. 258.

### FIFTH DEFENSE

The Complaint fails to state a claim for retaliatory discipline.

### SIXTH DEFENSE

The plaintiff's claims are barred for failure to exhaust administrative remedies.

### SEVENTH DEFENSE

The conduct alleged in the Complaint does not amount to speech on a matter of public concern protected by the First Amendment to the United States Constitution.

## EIGHTH DEFENSE

The defendants' conduct, as alleged in the Complaint, was not extreme and outrageous and did not otherwise comprise the elements of the tort of intentional infliction of emotional distress.

## NINTH DEFENSE

Punitive damages are not available against the defendants.

## TENTH DEFENSE

The defendants deny all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

## ELEVENTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because she has failed to alleged that the defendants deprived her of a federal constitutional right or retaliated against her for engaging in constitutionally protected activity.

## TWELFTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because she has failed to allege that she was treated differently than others who were similarly situated and that there was no rational basis for any difference in treatment.

## THIRTEENTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

## FOURTEENTH DEFENSE

The defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer, and therefore, the plaintiff cannot recover in this action.

## FIFTEENTH DEFENSE

The Town of Orange may not be held liable on a theory of *respondeat superior*.

## SIXTEENTH DEFENSE

Plaintiff fails to state a claim for which relief may be granted under 42 U.S.C. § 1983 because she has failed to allege that the defendant's conduct deprived her of a federal constitutional right, or that the defendants retaliated against her for engaging in constitutionally protected activity.

## SEVENTEENTH DEFENSE

Plaintiff fails to state a claim for which relief may be granted under 42 U.S.C. § 1983 because she has failed to allege that the defendants owed her a constitutional duty or that the defendants breached that constitutional duty.

## EIGHTEENTH DEFENSE

The employment decision at issue is justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## NINETEENTH DEFENSE

The defendants have complied with all laws and regulations and otherwise satisfied their statutory obligations towards the plaintiff under G.L.c. 151B and Title VII of the Civil Rights Act of 1964.

### TWENTIETH DEFENSE

The defendants deny all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

### TWENTY-FIRST DEFENSE

The plaintiff lacks standing to assert the claims contained in his Complaint because she has failed to allege that she has suffered any damages for which he is entitled to relief.

### TWENTY-SECOND DEFENSE

The actions and conduct of the individual defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from suit and all liability therefor.

### TWENTY-THIRD DEFENSE

The actions and conduct of the individual defendant did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

### TWENTY-FOURTH DEFENSE

Plaintiff has failed to plead sufficient facts to meet the elements of a claim for intentional interference with an advantageous relationship.

### TWENTY-FIFTH DEFENSE

Without admitting plaintiff's allegations regarding the content of statements made by defendant Racicot, defendants say that any statements made by said defendant concerning the plaintiff were true, substantially true, represented his reasonable opinions and were uttered without malice.

## TWENTY-SIXTH DEFENSE

Without admitting plaintiff's allegations regarding the content of statements made by defendant Racicot, defendants say that any statements made by said defendant concerning the plaintiff were made in his capacity as a public officer in the performance of his duty and, as such, are absolutely privileged.

## TWENTY-SEVENTH DEFENSE

Defendant Racicot is immune from liability pursuant to G.L. c. 258, § 2.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by her failure to effect notice of claim in conformance with G.L. c. 258, § 4.

## TWENTY-NINTH DEFENSE

Defendant Town of Orange is immune from intentional tort liability pursuant to G.L. c. 258, § 10(c).

## THIRTIETH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS, TOWN OF ORANGE
and MICHAEL J. RACICOT,

By their attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

209631/METR/0516

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12/23/03

12