FRANKLIN SUPERIOR COURT
Case Summary
Civil Docket

FILED
CLERK'S OFFICE

# FRCV2003-00088
# Littlewood v Racicot (Former Town Administrator) et al

U.S. DISTRICT COURT
DISTRICT OF MASS

03 CV 30309 - MAP

| | | | | | |
|---|---|---|---|---|---|
| File Date | 09/19/2003 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 12/19/2003 | Session | A - Civil A - CtRm 1 | | |
| Origin | 1 | Case Type | E17 - Civil Rights Act (12.011H-1) | | |
| Lead Case | | Track | A | | |
| Service | 12/18/2003 | Answer | 02/16/2004 | Rule12/19/20 | 02/16/2004 |
| Rule 15 | 12/12/2004 | Discovery | 11/07/2005 | Rule 56 | 01/06/2006 |
| Final PTC | 05/06/2006 | Disposition | 09/18/2006 | Jury Trial | Yes |

## PARTIES

**Plaintiff**
Shari Littlewood
Active 09/19/2003

**Private Counsel 643247**
Caroline Carrithers
17 South Street
Ashfield, MA 01330
Phone: 413-628-4058
Fax: 413-628-4058
Active 09/19/2003 Notify

**Defendant**
Michael J Racicot (Former Town Administrator)
Served: 11/17/2003
Served (answr pending) 12/12/2003

**Private Counsel 641459**
Gregg J Corbo
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 12/19/2003 Notify

**Private Counsel 494020**
Joseph L Tehan
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 12/19/2003 Notify

**Defendant**
Town of Orange
Served: 11/17/2003
Served (answr pending) 12/12/2003

*** See Attorney Information Above ***

A TRUE COPY ATTEST



Doris M. Doyle
CLERK

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/19/2003 | 1.0 | COMPLAINT with DEMAND FOR JURY TRIAL & Civil Action Cover Sheet filed. |
| 09/19/2003 | | Origin 1, Type E17, Track A. |

MAS-20031124  Case 3:03-cv-30309-MAP   Document 6   Filed 04/05/2004   Page 2 of 20   12/29/2003
blakesle                     Commonwealth of Massachusetts                              11:20 AM
                                FRANKLIN SUPERIOR COURT
                                      Case Summary
                                      Civil Docket

## FRCV2003-00088
## Littlewood v Racicot (Former Town Administrator) et al

| Date | Paper | Text |
|---|---|---|
| 12/12/2003 | 2.0 | SUMMONS RETURNED with Proof of Service on Town of Orange by serving in hand to Orange Town Clerk, at Town Hall, Orange, MA on 11/17/03. |
| 12/19/2003 | 3.0 | Written NOTICE OF REMOVAL TO FEDERAL COURT Pursuant to 28 U.S.C., sec.1446(d) with certified copy from Clerk, U.S. District Court, District of Massachusetts of Notice of Removal. (Attested copies of all docket entries sent to Gregg J. Corbo, Esq. of Kopelman and Paige, P.C.on 12/29/03). |

**EVENTS**

| CIVIL ACTION COVER SHEET | DKT NO.(S) 03-088 | Trial Court of Massachusetts Superior Court Department County: Franklin |
|---|---|---|

**PLAINTIFF(S)**
Shari Littlewood

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Caroline Carrithers
17 South Street
Ashfield, Massachusetts 01330    413 628-4058
Board of Bar Overseers number: 643247

**DEFENDANT(S)**
Michael J. Racicot and the Town of Orange

**ATTORNEY (if known)**

FRANKLIN SUPERIOR COURT
03 SEP 9 02

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E 17 | Civil Rights Violation | ( A ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

See Attached Sheet

$. . . . . . . . . . . . .
TOTAL $. . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Caro Carr._    DATE: 9/[ ]/03

A TRUE COPY ATTEST
Doris N. Doyle
CLERK

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## ATTACHED SHEET

The defendant's conduct violated the plaintiff's rights as protected by the First and Fourteenth Amendments of the United States Constitution and the Declaration of Rights of the Massachusetts Constitution, violated her rights as protected by the Massachusetts statutes against discrimination, defamed her, intentionally inflicted emotional distress, and intentionally interfered with her advantageous business relations. The plaintiff is, therefore, entitled to damages, punitive damages, costs, interest, and attorney's fees pursuant to M.G.L. Chapter 151B, § 2(1), Civil Rights Act M.G.L. Chapter 12, §§ H-I, Massachusetts common law tort of defamation, Massachusetts common law prohibiting intentional interference with advantageous business relations and the Massachusetts common law prohibiting intentional and/or reckless infliction of emotional distress.

COMMONWEALTH OF MASSACHUSETTS

FRANKLIN, SS.                                   SUPERIOR COURT
                                                CIVIL ACTION
                                                No.: 03-088

SHARI LITTLEWOOD,                )
                Plaintiff        )
                                 )
                                 )
v.                               )     COMPLAINT AND DEMAND
                                 )
MICHAEL J. RACICOT, former       )     FOR A JURY TRIAL
Town Administrator for the Town  )
of Orange, and                   )
                                 )
THE TOWN OF ORANGE,              )
                Defendants       )
                                 )

**I.   INTRODUCTION**

1.      The plaintiff in this civil action accuses defendant Racicot, former Town Administer for the Town of Orange, of suspending her in retaliation for exercising her First Amendment Rights to free speech in opposing his plan to raise the tax revenue. Plaintiff Littlewood further accuses defendant Racicot of retaliating against her rather than the other two male Assessors because she is a woman. In so doing, defendant Racicot violated the Massachusetts Civil Rights Act which forbids the violation of government employees' civil rights, as well as M.G.L. 151 B which prohibits discrimination because of gender. In addition, defendant Racicot negligently, intentionally or recklessly inflicted severe emotional distress and humiliation upon plaintiff Littlewood, defamed her, and interfered with her advantageous relationship with her employer.

**II.   PARTIES**

2.      Plaintiff SHARI LITTLEWOOD, was, at all times relevant to the allegations of this Complaint, a resident of the Town of Orange, Franklin County, in the Commonwealth of

A TRUE COPY ATTEST

*[signature]*
CLERK

Massachusetts.

3.   Defendant MICHAEL J. RACICOT was, at all times relevant to the allegations of this Complaint, an employee of the Town of Orange, Franklin County, in the Commonwealth of Massachusetts.

4.   The defendant, TOWN OF ORANGE, is and was, at all times relevant to the allegations of this Complaint, a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts.

### III.  EXHAUSTION OF ADMINISTRATIVE AND STATUTARY REMEDIES

5.   On April 16, 2001, plaintiff Littlewood filed a complaint against the defendants with both the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, alleging unlawful discrimination on the basis of gender and retaliation for asserting a protected right in violation of M.G.L. Chapter 151 (B), § 4, and Title VII of the 1964 Civil Rights Act.

6.   On May 31, 2001, the Massachusetts Commission Against Discrimination issued a Denial of Formal Investigation of MCAD Complaint.  (Attached hereto as Exhibit 1.)

7.   On April 15, 2001, plaintiff Littlewood sent the defendants a demand letter pursuant to Massachusetts General Laws, Chapter 258, Section 4.  (Attached hereto as Exhibit 2.)

8.   The defendants have not responded to the plaintiff's 258 demand letter.

### IV.  FACTS

9.   On October 11, 2000, plaintiff Littlewood was a thirty-two-year-old woman. She had a BA in Business Administration, CPA Curriculum, from the University of Massachusetts, which she received in May 1998. Each year since 1997, she had attended and received a

certificate from UMASS Tax School, an update program for Tax Preparers taught by the IRS and the Commonwealth of Massachusetts DOR. In August of 1999, she received her Classification Certification from the Commonwealth of Massachusetts, Division of Local Services, which allows her to assess properties in Massachusetts.

10. In March 1999, plaintiff Littlewood was elected to the Board of Assessors for the Town of Orange. At the same time she began filling in as the Assessors' Clerk, a paid position in which she was responsible for implementing and interpreting issues relating to the Board of Assessors. On May 1, 1999, she applied for and was officially hired as the town's Assessors' Clerk.

11. In September 2000, defendant Racicot, in his capacity as Town Administrator, recommended to the Board of Selectmen that they set up a reserve account for the ambulance service. To start the reserve account, defendant Racicot recommended that the town set aside $166,799 from the operating budget. The Selectmen voted to set aside the requested amount on September 20, 2000.

12. After review, the Board of Assessors, including plaintiff Littlewood, refused to approve the Selectmen's vote to allot funds from the general operating fund to cover the reserve account for the ambulance service. The Board refused because it realized that the Selectmen's vote committed the town to raising the town's tax rate, which is highly unethical without an official Town Meeting. In his presentation of his proposal to the Board of Selectmen and the Finance Committee, defendant Racicot had glossed over the need to raise the tax rate, implying that the allotment he was requesting was an accounting change, which simply required a transfer of funds from one budget line to another.

13. On October 4, 2000, at a meeting of the Board of Selectmen, plaintiff Littlewood,

in her role as a member of the Board of Assessors, spoke out against defendant Racicot's proposal, advising the Selectmen that their decision on September 20, 2000, would raise the tax rate seventy-two cents for every one thousand dollars a home is valued. Another member of the Board of Assessors, Steven Adam, reminded the Selectmen that the tax rate had already been increased by more than one dollar and forty cents, the highest increase in the past fifteen years. Both plaintiff Littlewood's and Mr. Adam's statements were printed in an article which appeared in *The Recorder* on October 5, 2000.

14. In an attempt to ram his proposal through before the Board of Selectmen had an opportunity to rescind their vote, defendant Racicot ordered Littlewood, in her capacity as an Assessors' Clerk, to give to him the forms to be sent to the state, certifying the increase in the tax rate. By law, members of the Board of Assessors, which is responsible for obtaining state certification of a change in the tax rates, must sign any form certifying a tax rate increase.

15. Plaintiff Littlewood began preparation of the forms. However, on October 12, 2000, Arthur Reppas, Chair of the Board of Selectmen, came to her and asked if the forms certifying the increase in the tax rate had been submitted to the state. When plaintiff Littlewood told him that they had not, he requested that they not be submitted until after the meeting of the Board of Selectmen on October, 18, 2000. Selectman Reppas advised plaintiff Littlewood that because he was not in favor of a tax rate increase without a town vote, he wanted further discussion of defendant Racicot's proposal.

16. On information and belief, Ms Littlewood concluded that Selectman Reppas, who had just left defendant Racicot's office prior to speaking with her, had also advised defendant Racicot that he did not want the forms certifying a tax rate increase sent to the state without further discussion by the Board of Selectmen. When plaintiff Littlewood mentioned Selectman

Reppas's request to plaintiff Racicot, and reminded him that the Board of Assessors did not approve of the tax rate increase, defendant Racicot became quite angry, yelling at her that four people (meaning Selectman Reppas and the three members of the Board of Assessors) were not going to hold the Town of Orange hostage. He ordered plaintiff Littlewood to have the forms on his desk by the end of the day or else.

17. At 9:00 A.M. on October 13, 2000, defendant Racicot came into plaintiff Littlewood's office and told her that he wanted to see her. He then took her out into the elevator lobby in town hall where other people could not hear their conversation. His first words to plaintiff Littlewood were, "The Board of Assessors has no legal right not to sign the recap sheet (the form certifying the tax rate increase)."

18. Plaintiff Littlewood felt intimidated by his tone of voice and his demeanor. She felt that he had no right to order her to sign the forms because her signature was required as a member of the Board of Assessors, not as the Assessors' Clerk.

19. Plaintiff Littlewood reminded defendant Racicot that there were two other members of the Board of Assessors (both male) and that if he wanted a member of the Board of Assessors to sign the forms that he had to contact the other members as well. She advised him that she was uncomfortable with the way he was handling this situation and that his ordering her to sign the forms was unfair to her. She then went and got the forms off her desk and gave them to him.

20. Defendant Racicot further humiliated plaintiff Littlewood in front of her peers at the Financial Team Meeting held at 10:00 A.M. on October 13, 2000. At the meeting, he announced to those present that there was a problem. He then fabricated that the town was going to have to borrow money, and proceeded to talk to the Town Accountant, the Tax Collector, and

the Treasurer, manufacturing their concern. He then proceeded to imply that this so-called problem was all plaintiff Littlewood's fault by saying that, "Now I will turn the floor over to Shari so that she can tell us why we have to borrow."

21.     Plaintiff Littlewood told him that this was neither the time nor the place to discuss their conflict over her refusal to sign the state certification forms. His reply was, "I will see YOU after the meeting." He then adjourned the meeting, pointed his finger at plaintiff Littlewood, and stretching his arm out towards the door to the elevator lobby, repeated, "I WILL SEE YOU OUT THERE."

22.     At this second meeting in the elevator lobby in town hall, which took place at approximately 11:00 A.M. on October 13, 2000, plaintiff Littlewood again told defendant Racicot that she was not going to keep doing this, that he needed to contact the other two male members of the Board of Assessors. She advised him that there was to be a meeting of the Board of Assessors on October 16, 2000, and that he could come and present his problems there. She further advised him that he could contact the other two members of the Board of Assessors and attempt to obtain their approval.

23.     Defendant Racicot then said, "So, you are not going to sign." Once again, plaintiff Littlewood told him, "No." At that point, he told her, "Well, then you are suspended for three days." As he spoke, he handed plaintiff Littlewood an already prepared memorandum of suspension which he had written before attending the Financial Team meeting.

24.     Plaintiff Littlewood immediately appealed her suspension. She requested defendant Racicot to delay the suspension until the Board of Selectmen had an opportunity to hear her appeal, but he refused. Therefore, she was suspended from work from October 17, 2000 to October 20, 2000.

25. On the day that plaintiff Littlewood returned, defendant Racicot demanded that she meet with him. At the meeting, he advised her that they should start again and forget the past. When plaintiff Littlewood advised him that it was not over for her, that she did not feel that the matter had been settled and that she was still very upset, he began to degrade at her, asking her if she knew who he was and threatening to fire her if she did not cooperate with him. Plaintiff Littlewood told him if he thought she was doing such a lousy job that he should just go ahead and fire her.

26. After the Board of Assessors advised the Selectmen that their vote did, in fact, commit the town to a tax increase, the Selectmen voted on October 18, 2000, to rescind their original vote to allot $166,799 of the general operating fund to set up an account for the operation of the ambulance service. The Selectmen's rescinding of their vote killed defendant Racicot's proposal.

27. At this meeting, plaintiff Littlewood attempted to raise the issue of her suspension, but the Board refused to allow her to speak, demanding that she raise the issue with the Human Resource Board.

28. Plaintiff Littlewood immediately filed a complaint against defendant Racicot with the Human Resource Board which first met to discuss her suspension on November 14, 2000. Defendant Racicot was present, and was allowed to sit at the table with the members of the Human Resource Board, even though he is not a member.

29. At this meeting, defendant Racicot claimed that he suspended plaintiff Littlewood for "lying and not completing [the paperwork] as told." He denied that he had suspended her for not signing the tax rate certification. However, he did not explain what she had lied about or what had not been left uncompleted on the paperwork, other than her signature.

30. Plaintiff Littlewood contradicted defendant Racicot, advising the Board that he had, in fact, suspended her because she had refused to sign the tax rate increase certification.

31. After hearing both defendant Racicot and plaintiff Littlewood, the Human Resource Board suspended further discussion for ten days in order to clarify procedural questions.

32. On November 20, 2000, the Human Resources Board for the Town of Orange met again to consider plaintiff Littlewood's appeal of her suspension. At plaintiff Littlewood's request, the meeting was open. After considering several alternative punishments, including a one-day suspension, and/or a written warning, the Board voted unanimously to rescind plaintiff Littlewood's three-day suspension and restore her pay.

33. During the meeting no one criticized defendant Racicot for his harsh, unjust treatment of plaintiff Littlewood.

34. To plaintiff Littlewood's knowledge, defendant Racicot has never been held accountable by anyone either for his treatment of her or for his unethical attempt to bypass both the Board of Assessors and the Board of Selectmen and raise the tax-rate for the town without their or the town's approval.

35. During the course of the Human Resources Board Meeting, plaintiff Littlewood requested to see her personnel file. After discussion, Mr. Pond accompanied defendant Racicot to get the file. Upon looking through her file, plaintiff Littlewood discovered that a notice of her three-day suspension, as well as other papers that she had never seen, had been placed in her file without her knowledge.

36. At no time did defendant Racicot attempt to contact the two male members of the Board of Assessor, nor did he return their phone calls. At no time did he even request, let alone

demand, that they sign the certification forms. He had not retaliated against them in any way for not signing the forms, as he had against plaintiff Littlewood.

37. Plaintiff Littlewood accuses defendant Racicot, as an agent of defendant Town of Orange, of violating her First Amendment rights to free speech when he retaliated against her for expressing her view, as a member of the Board of Assessors, that the tax rate should not be raised. As a result of this violation, plaintiff Littlewood has claims against defendant Racicot pursuant to the Massachusetts Civil Rights Law.

38. Plaintiff Littlewood also accuses defendant Racicot, as an agent of defendant Town of Orange, of unlawful discrimination on the basis of gender in direct violation the Massachusetts Civil Rights Statute M.G.L., Chapter 151B.

39. In addition, plaintiff Littlewood accuses defendant Racicot of violation of the Massachusetts common law torts of reckless and/or intentional infliction of emotional distress, defamation, and interference with an advantageous relation.

40. In addition to the civil rights violation and multiple reckless and/or intentional torts described above, the deprivation of plaintiff Littlewood's rights was directly and proximately caused by the negligent failure of defendant Town of Orange to adequately screen, test, train, supervise, investigate, and discipline defendant Racicot to the extent that custom and practice and acquiescence by supervisory officials resulted in an unconstitutional policy. .

41. As a direct result of Mr. Racicot's and the Town of Orange's illegal and discriminatory actions, Ms Littlewood suffered, and continues to suffer, severe emotional distress and mental anguish, public embarrassment, degradation and humiliation.

V.  **CAUSES OF ACTIONS**

*COUNT ONE*
*VIOLATION OF PLAINTIFF LITTLEWOOD'S FIRST AND FOURTEEN AMENDMENT RIGHTS*

42. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. As a direct and proximate result of the actions of defendant Racicot, plaintiff Littlewood was subjected to retaliatory, discriminatory punishment because she exercised his First Amendment rights to free speech. In addition, by subjecting the plaintiff to retaliatory punishment, defendant Racicot violated her Fourteenth Amendment rights to equal protection under the law.

44. The defendant's retaliatory actions and conduct constitute the requisite "intimidation, threat, or coercion" protected under the Massachusetts Civil Rights Act.

45. As a direct and proximate result of the above conduct by the defendant, the plaintiff's good name has been maligned, her reputation has been damaged, she has been made to incur expenses to defend herself, her business has been damaged, her career has been precluded, she has suffered emotional distress and she has been otherwise injured.

46. Defendant's conduct violated the plaintiff's rights as protected by the First and Fourteenth Amendments of the United States Constitution and the Declaration of Rights of the Massachusetts Constitution, therefore, she is entitled to damages, punitive damages, costs, interest, and attorney's fees pursuant to the Massachusetts Civil Rights Act M.G.L. Chapter 12, §§ H-I.

## COUNT TWO: GENDER DISCRIMINATION

47. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. M.G.L. Chapter 151B, § (2)(1) prohibits discrimination against an employee on the basis of gender.

49. Defendant Racicot retaliated against plaintiff Littlewood for refusing to uthorize the tax increase, but did nothing to the male members of the Board of Assessors, both of whom could have signed the authorization.

50. As a direct and proximate result of the above conduct by the defendant, the plaintiff's good name has been maligned, her reputation has been damaged, she has been made to incur expenses to defend herself, her business has been damaged, her career has been precluded, she has suffered emotional distress and she has been otherwise injured.

51. Defendant Racicot's conduct violated the plaintiff's rights as protected by the Massachusetts statutes against discrimination, therefore, she is entitled to damages, punitive damages, costs, interest, and attorney's fees pursuant to M.G.L. Chapter 151B, § 2(1).

## COUNT THREE: DEFAMATION

52. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Defendant Racicot defamed plaintiff Littlewood when he unjustly retaliated against her for executing her First Amendment Rights to free speech and when he lied to the Human Resources Board, telling them that he had suspended her for lying and not completing her work.

54. As a direct and proximate result of defendant Racicot's defamation, plaintiff

Littlewood suffered "loss of reputation, loss of business opportunity, and emotional distress."

55.  Plaintiff Littlewood is thereby entitled to damages and relief pursuant to Massachusetts common law tort of defamation.

### COUNT FOUR: INTENTIONAL INTERFERENCE WITH CONTRACTUAL OR ADVANTAGEOUS BUSINESS RELATIONS

56.  The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.  As the Town Administer of the Town of Orange, defendant Racicot knew that the plaintiff had an advantageous business relationship with the Town of Orange.

58.  Defendant Racicot improperly, and with malice, interfered with the plaintiff's business relationship with the Town of Orange when he subjected her to retaliatory treatment and then lied to the Human Resource Board about the reasons for her suspension.

59.  As a direct and proximate result of the defendant's discriminatory, retaliatory treatment of the plaintiff, she lost her job, thereby sustaining very substantial damages, including, but not limited to, lost wages, lost benefits, and employment search costs. The loss of her position subjected her to public humiliation and caused her severe mental anguish and mental distress. In addition, the defendant's actions prior to her termination caused her extreme emotional stress.

60.  The plaintiff is thereby entitled to damages, punitive damages, costs, interest, and attorney's fees pursuant to the Massachusetts common law prohibiting intentional interference with advantageous business relations.

### COUNT FIVE
### RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.  The plaintiff hereby incorporate by reference the allegations of Paragraphs 1

through 60 of this Complaint as though fully set forth herein.

62. As a direct and proximate result of the acts of defendant Racicot, the plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure, and defendant Racicot knew or should have known that his acts would cause such emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment. Further, said emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment were recklessly and/or intentionally inflicted.

63. The plaintiff is thereby entitled to damages, punitive damages, costs, interest, and attorney's fees pursuant to the Massachusetts common law prohibiting intentional and/or reckless infliction of emotional distress.

## COUNT FIVE
## NEGLIGENCE/MASSACHUSETTS TORT CLAIM
## M.G.L. CHAPTER 258 § 4

64. The plaintiff hereby incorporate by reference the allegations of Paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65. The defendant Town of Orange and/or agents and employees of the Town of Orange were negligent and, therefore, are liable to the plaintiff for damages pursuant to M.G.L. Chapter 258 § 4.

**WHEREFORE,** plaintiff Shari Littlewood, prays that this court enter judgment for the plaintiffs and:

1. award appropriate compensatory damages to the plaintiffs in an amount to be determined by the court;

1. award punitive damages to the plaintiffs in an amount to be determined by the court;

2. award the plaintiffs costs, interest and attorneys= fees; and

3. award such other relief as this court deems just, equitable and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL PERIOD

DATED: September 16, 2003

Respectfully submitted,
Shari Littlewood
The Plaintiff
By Her Attorney

_Caroline Carrithers_
Caroline Carrithers
17 South Street
Ashfield, Massachusetts 01330
413 628-4058
BBO# 643247


CH1669

# Commonwealth of Massachusetts

Franklin, ss.                                                                                       SUPERIOR COURT
                                                                                                    CIVIL ACTION
                                                                                                    No. FRCV2003-00038

..................................Shari Littlewood.............................., Plaintiff(s)

vs.

..........Michael J. Racicot and the Town of Orange.........., Defendant(s)

03 DEC 12 AM 11:19
FRANKLIN SUPERIOR COURT FILED

## SUMMONS
Tort - Motor Vehicle Tort - Contract - Equitable Relief - Other

To the above-named Defendant:   Town of Orange

    You are hereby summoned and required to serve upon   Caroline Carrithers plaintiff's attorney, whose address is   17 South Street, Ashfield, Massachusetd 01330 an answer to the complaint which is herewith serve upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the   Third   day of   October   , in the year of our Lord   2003

*Doris D. Doyle*   Clerk

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST
*Doris D. Doyle*
CLERK

*NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

PROOF OF SERVICE OF PROCESS           Town Of Orange
                                      % Town Clerk

I hereby certify and return that on Nov 17, 2003        , , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Served In Hand Of Orange, Town Clerk  , Town Hall, Orange, MA
Includinf Demand for Jury Trial & Trackin Order
This Date & Time                           FEE
                                    Service $ 30.00
                                    Copy      5.00
                                    Travel   12.16
                                    Convey    4.50
                                           _____
                                    Total  $ 51.66

Dated: Nov 17, 2003 .           Richard O. Guy
                                Richard O. Guy - Deputy Sheriff

N.B.  TO PROCESS SERVER: —
   PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

                    [ Nov 17, 2003. ]

COMMONWEALTH OF MASSACHUSETTS
Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

vs.

SUMMONS
(Mass. R. Civ. P. 4)