UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN SECTION
CIVIL ACTION
No. : 03-30309-MAP

|  |  |
|---|---|
| SHARI LITTLEWOOD, | ) |
|                 Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHAEL J. RACICOT, former | ) |
| Town Administrator for the Town | ) |
| of Orange, and | ) |
|  | ) |
| THE TOWN OF ORANGE, | ) |
|                 Defendants | ) |
|  | ) |

DISPUTED MATERIAL FACTS

9. Plaintiff Littlewood, as a member of the Board of Assessors (Exhibit 1, Littlewood Dep. at 11-12, ll 11-3), spoke out at a meeting of the selectmen,[1] advising them that defendant Racicot's plan to create a reserve fund for the ambulance service did not involve a simple accounting change as he had claimed, but, instead, would force the town to raise its tax rate. See Exhibit 3, *The Recorder* on October 5, 200; Exhibit 4, Meeting of Board of Selectmen's Meeting, October 4, 2000.

14. Plaintiff Littlewood denies that she failed to perform her duties as the Assessor's clerk or failed to complete the recap sheets. Exhibit 1, Littlewood Dep. at 108-109, ll. 21-1;

---

[1] Neither plaintiff Littlewood (Exhibit 1, Littlewood Dep. at 80, ll 12-16) nor defendant Racicot (Exhibit 2, Exhibit 2, Racicot Dep. at 89, ll 9-11) could recall if plaintiff Littlewood spoke at the select board meeting on October 4, 2000. However, both a contemporary newspaper article in *The Recorder* on October 5, 2000 (Exhibit 3), and the minutes from the meeting (Exhibit 4) quote her as advising the Selectmen that their decision on September 20, 2000, would raise the tax rate seventy-two cents for every one thousand dollars a home is valued.

Littlewood Dep. at 119, ll. 13-16.  Plaintiff Littlewood denies that she lied to him that they were completed when they were not.  Exhibit 1, Littlewood Dep. at 159, ll. 7-16.

24. Plaintiff Littlewood dismisses defendant Racicot's alleged reasons for suspending her as pretext, asserting that the real reason he harassed her and then suspended her was to retaliate for her spoken and expressive opposition to his plan to create a reserve fund for the ambulance service.

## PLAINTIFF'S LIST OF MATERIAL FACTS

1. Plaintiff Littlewood, on at least three occasions, verbally advised the defendant and other members of the community that she opposed his plan to establish a reserve fund for the ambulance service because it required an increase in the tax rate without a town vote. Exhibit 2, Racicot Dep. at 32, ll. 4-8; Exhibit 2, Racicot Dep. at 85, ll. 6-9.

2. Plaintiff Littlewood's disclosure at the Board of Selectmen's meeting on October 4, 2000,disclosed a potential, although inadvertent misconduct (i.e., that the selectmen had unknowingly raised the tax rate without a town vote.  Exhibit 2, Racicot Dep. at 85, ll. 6-9.

4. Plaintiff Littlewood's disclosure at the Board of Selectmen's meeting on October 4, 2000, generated debate on an issue of significant public interest.  Exhibit 1, Littlewood Dep. at 81, 3-15.

5. On October 12, 2000, plaintiff Littlewood explicitly told defendant Racicot that she and the other members of the Board of Assessors were not going to sign the recap sheets including the tax increase.  During this conversation, "she [plaintiff Littlewood] explained [to defendant Racicot] her position as an assessor, as an elected member of the Board of Assessors, that she did not feel that they should sign the recapitulation sheet

because they did not agree with the accounting change because their, (sic) at the time they believed it was going to raise the tax rate a significant amount." Exhibit 2, Racicot Dep. at 35-36, ll. 19-1.

6. Plaintiff Littlewood iterated that that "they [the Board of Assessors] would not sign the sheets." Exhibit 2, Racicot Dep. at 36, ll. 10-11.

7. On October 13, 2000, the day that she was suspended, plaintiff Littlewood again told defendant Racicot that she would not sign the recap sheets. Exhibit 1, Littlewood Dep. at 120, ll. 3-6. Exhibit 2, Racicot Dep. at 40, ll. 11-16.

8. When asked if he knew why plaintiff Littlewood did not complete the recap sheets as requested, defendant Racicot replied that "I'm assuming that she was taking her position as clerk and using it to prevent something that she didn't want to see happen in her elected position." Exhibit 2, Racicot Dep. at 59, ll. 11-14. Asked to explain what he meant, defendant Racicot replied that "she [plaintiff Littlewood] had expressed, when she came to see me before the discipline, that she didn't agree with the accounting change. So I had to assume that in her dual role she was, by not completing the paperwork, there's obviously no way that it can be, that anyone is going to be able to sign." Racicot Depot. at 59, ll.17-21.

9. At the Financial Committee meeting on October 13, 2000, defendant Racicot claims to have said that "we've got problems there. Our tax recap hasn't been submitted, and Shari, as a representative of the assessors' office, can maybe explain what's going on with that." Exhibit 2, Racicot Dep. at 106, ll. 17-20.

Approved

10. Plaintiff Littlewood categorically denies that she was insubordinate to the defendant. Exhibit 1, Littlewood Dep. at 116, ll. 15-23; Exhibit 1, Littlewood Dep. at 161, ll. 12-14.

11. Plaintiff Littlewood denies that she failed to perform her duties as the Assessor's clerk or failed to complete the recap sheets. Exhibit 1, Littlewood Dep. at 108-109, ll. 21-1; Littlewood Dep. at 119, ll. 13-16.

12. Plaintiff Littlewood denies that she lied to him that they were completed when they were not. Exhibit 1, Littlewood Dep. at 159, ll. 7-16.

13. Defendant Racicot claims that the reason that he was so concerned about plaintiff Littlewood processing the recap sheets as soon as possible after the October 4, 2000, meeting of the selectmen was that he was concerned about getting the tax bills out sometime in November. As he stated, "you have to get the tax recap sheet in because it takes the state a little while to certify it . . . . The longer we delay, it the more chance there is that we won't have enough money in the bank to cover the bills that are still coming in every week." Exhibit 2, Racicot Dep. at 94. ll. 8-29.

14. In the suspension notice he gave to plaintiff Littlewood, defendant Racicot stated that her "actions had a direct, negative effect on the timeliness of the Town of Orange." Exhibit 2, Racicot Dep. at 112, ll. 11-13. When asked what he meant by this statement, defendant Racicot replied that "I meant the longer those forms weren't complete the longer it was going to take us to get our tax rate certified." Exhibit 2, Racicot Dep. at 112, ll. 16-18.

15. Defendant Racicot's rush to get the tax rate certified was not necessary to maintain the town's cash flow. As he admitted, his goal was to get the tax bills out in November. Exhibit 2, Racicot Dep. at 38, ll. 20-23.

Approved

16. Even with the delay caused by plaintiff Littlewood's suspension (from October 16 until October 18, 2000) the recap sheets were submitted earlier in 2000, than they had been in 1999.  Exhibit 2, Racicot Dep. at 87, ll. 1-17.

17. In neither 1999 or 2000did the Town of Orange have to borrow money to cover a short fall in the cash flow.  Exhibit 1, Littlewood Dep. at 199, ll. 2-3.

18. For defendant Racicot to involve himself to such an extent in the process of preparing the tax recap sheets was highly unusual.  Exhibit 1, Littlewood Dep. at 100, 8-15.

19. The responsibility for processing the tax recap sheets is vested in the Board of Assessors.  Exhibit 1, Littlewood Dep. at 90, ll 11-15.

20. The Town Administrator plays no role in this process.  Exhibit 1, Littlewood Dep. at 94, ll. 11-13.

21. Plaintiff Littlewood is a professional with a B.A. in Business Sciences from the University of Massachusetts.  Exhibit 1, Littlewood Dep. at 4-5, ll. 23-6.

22. Plaintiff Littlewood's performance rating submitted by defendant Racicot, was above average.  Exhibit 1, Littlewood Dep. at 52, ll. 1-3; Exhibit 2, Racicot Dep. at 75, ll. 2-4.

23. Defendnt Racicot that until October 2000, he had always gotten along well with plaintiff Littlewood.  Exhibit 2, Racicot Dep. at 75, ll. 16-17.

24. Defendant Racicot stated that prior to the one week in October she had always completed her work promptly.  Exhibit 2, Racicot Dep. at 87, ll. 10-14.

25. Instead of allowing plaintiff Littlewood to assume responsibility for preparing the recap sheets in a timely manner as he had done the previous year (Exhibit 2, Racicot Dep. at 87, ll. 1-17), he took over her project.  Exhibit 1, Littlewood Dep. at 100, ll. 8-15.

Approved

26. Only three working days after the classification meeting, defendant Racicot began questioning plaintiff Littlewood's veracity and checking on her progress completing the recap sheets. Exhibit 2, Racicot Dep. at 41, ll. 20-7.

27. Defendant Racicot continued to harass plaintiff Littlewood about her progress for the next three days. Exhibit 2, Racicot Dep. at 42, ll 7-20.

28. On the fourth day, defendant Racicot threatened plaintiff Littlewood, and then demanded that she have the recap sheets on his desk by the end of the day. Exhibit 2, Racicot Dep. at 42, l 20.

29. On the fifth day defendant Racicot suspended plaintiff Littlewood. Exhibit 1, Littlewood Dep. at 181. ll. 8-9.

30. Defendant Racicot never contacted the two male members of the Board of Assessors (Exhibit 2, Racicot Dep. at 31, ll. 15-18) regarding the creation of the ambulance fund even though plaintiff Littlewood had told him that they also opposed his plan.

31. Plaintiff Littlewood accuses defendant Racicot of defaming her at the Financial Team Meeting. on October 13, 2000, by falsely claiming in front of other the other assembled town officials that it was her fault that the town might have to borrow money. Exhibit 1, Littlewood Dep. at 199, ll. 11-23.

DATED: February 20, 2005

Respectfully submitted,
The Plaintiff
By Her Attorney


Caroline Carrithers
93 Intervale Road
Orange, Massachusetts 01364
978 544-2574
BBO #643247